IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK LEE HUNTINGTON,

                Plaintiff,

v.                                                                                                   OPINION and ORDER

JOSA CASTILLO and                                                           22-cv-649-wmc[1]
DAVID OATS,

                Defendants.

---

    Pro se plaintiff Derek Lee Huntington is an inmate at Dodge Correctional Institution. He has filed a complaint about events that occurred while he was incarcerated at Jackson County Jail in September 2022. The complaint is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A. I cannot allow Huntington to proceed on any claims because his complaint doesn't comply with the Federal Rules of Civil Procedure. But I will give Huntington an opportunity to correct the problem identified in this opinion.

    Huntington's complaint includes two claims that are largely unrelated. First, Huntington contends that Sergeant Castillo used excessive force against him, breaking his tooth and fracturing his back. Second, Huntington contends that two weeks later, Sergeant Oats taunted him to commit suicide while he was on suicide watch. Dkt. 1 at 3.

    Rule 20 and Rule 21, as well as the court's inherent authority, allow courts to sever unrelated claims. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863–64 (7th Cir. 2018); *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011). Lawsuits with unrelated claims are both unfair to defendants (who must participate in proceedings that have little to do with them)

---

[1] I am exercising jurisdiction over this case for purposes of this screening order only.

and difficult to manage for the court and the plaintiff. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

The two claims identified above do not belong in the same lawsuit. Huntington appears to believe that the claims are sufficiently related because both incidents occurred while he was on suicide watch. But that one common fact is not enough to hold the claims together. The two claims involve different defendants, different types of claims, and they will require different evidence to prove. So only one of the claims may proceed as Case No. 22-cv-649-wmc. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Huntington will have to choose which claim that is.

As for the other claim, Huntington must make another choice. One option for Huntington is to pursue the other claim in a separate lawsuit. In that case, he will be required to pay a separate filing fee for the other lawsuit. In addition, he may receive a "strike" under 28 U.S.C. § 1915(g) for any lawsuit that is dismissed for failure to state a claim upon which relief may be granted or one of the other reasons listed in § 1915(g). As Huntington may be aware, once a prisoner receives three strikes, he is not able to proceed in new cases without first paying the full filing fee except in narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, Huntington may choose to dismiss one of his claims voluntarily. If he chooses this route, he will not owe additional filing fees or face a strike for the claims he dismisses. The claims dismissed voluntarily would be dismissed without prejudice, which means that Huntington would be able to bring them at another time, so long as he files a new lawsuit before the statute of limitations has run.

Because it is not clear at this time which of Huntington's claims he will pursue, I have not assessed the merits of the claims or determined whether the allegations provide fair notice,

as required by Rule 8 of the Federal Rules of Civil Procedure. Once Huntington identifies the claim he wants to litigate, I will screen the complaint as required under 28 U.S.C. § 1915(e)(2) and § 1915A. Because Huntington faces filing fees and potential strikes for each lawsuit he pursues, he should carefully consider the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If Huntington disagrees with the way I have described his claims or if he believes I have left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections, but he must still comply with this order and choose which of the two claims he wishes to pursue. If he fails to do so, I will dismiss all of his claims for his failure to comply with a court order.

ORDER

IT IS ORDERED that:

1. Plaintiff Derek Lee Huntington may have until January 11, 2023, to identify for the court which of the following claims he wants to pursue under Case No. 22-cv-649-wmc: (1) his claim against Josa Castillo; or (2) his claim against David Oats.

2. Also by January 11, 2023, Huntington is to tell the court whether he wishes to: (1) pursue the other claim in a separate lawsuit and be assessed a second filing fee; or (2) dismiss the other claim without prejudice to his refiling it at a later date.

3. If Huntington fails to respond to this order by January 11, 2023, I will enter an order dismissing all of his claims without prejudice for his failure to prosecute them.

Entered December 28, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge